**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Trenton R. Kashima (SBN 291405)
401 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 610-7047
*tkashima@milberg.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
*lking@kaplanfox.com*
*mgeorgef@kaplanfox.com*
*breed@kaplanfox.com*

*Proposed Interim Co-Lead Counsel*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRUCE HORTI, SANDRA GEORGE, and JEANETTE CRAIG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE HEALTHCARE NUTRITION, INC.,<br><br>Defendant. | Case No. 4:21-cv-09812-PJH<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date: March 14, 2024<br>Time: 1:30 p.m.<br>Courtroom: 3, 3rd Floor<br>Judge: Honorable Phyllis J. Hamilton |
| STEVEN OWEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE HEALTHCARE NUTRITION, INC.,<br><br>Defendant. | Case No.: 4:23-cv-01018-PJH |

**TABLE OFCONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ........ ii

STATEMENT OF ISSUES TO BE DECIDED ........ iii

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........ 1

A. Defendant's Labeling is Misleading ........ 1

B. The Horti and Owen Actions ........ 2

III. ARGUMENT ........ 2

A. The Court Should Consolidate the Actions Because They Involve Common Questions of Law and Fact ........ 2

B. The Court Should Appoint Milberg Coleman and Kaplan Fox as Interim Co-Lead Counsel ........ 3

1. Milberg Coleman and Kaplan Fox Will Zealously Represent the Class ........ 7

IV. CONCLUSION ........ 8

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT** on March 7, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis J. Hamilton, United States District Judge, Northern District of California, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California 94612, Plaintiffs Bruce Horti, Sandra George, Jeanette Craig, and Steven Owen ("Plaintiffs"), will, and hereby do, move the Court for an order consolidating the above-captioned cases *Horti v. Nestle Healthcare Nutrition*, Inc., Civ. No. 4:21-9812-PJH (the "*Horti* Action") and *Owen v. Nestle Healthcare Nutrition*, Inc., Civ. No. 4:23-cv-01018-PJH (the "*Owen* Action") (together, the "Actions"), pursuant to Federal Rule of Civil Procedure 42, and appointing Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg Coleman") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Joint Declaration of Nick Suciu and Laurence D. King ("Joint Decl.") and supporting exhibits, the pleadings in the above-captioned matters, oral argument of counsel, and any other materials and argument that may be presented in connection with the hearing of this motion.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court consolidate the federal Related Actions involving representing a putative class alleging similar questions of law and fact under Federal Rule of Civil Procedure 42(a)?

2. Should the Court appoint Milberg Coleman and Kaplan Fox as interim co-lead class counsel to manage the consolidated Action pursuant to Federal Rule of Civil Procedure 23(g)?



## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Bruce Horti, Sandra Geoge, Jeanette Craig, and Steven Owen respectfully request that the Court consolidate the two related putative class actions in the Northern District, and appoint Milberg Coleman and Kaplan Fox as interim co-lead class counsel ("Co-Lead Counsel"). Notably, the Court has already formally related the *Horti* and *Owen* Actions under Local Rule 3-12. Plaintiffs and Defendant agree the consolidated cases should proceed forward under the caption: "*In re: Nestle Boost Nutritional Drink Litigation*." Joint Decl., ¶ 3. Defendant does not oppose consolidation. *Id.*

In addition to consolidation, Plaintiffs' counsel seek to be appointed Co-Lead Counsel, which will ensure that the prosecution of the cases is streamlined for the benefit of Plaintiffs and the other members of the proposed classes ("Classes"), as well as the Court. As detailed below, Milberg Coleman and Kaplan Fox have decades of experience representing consumers and investors in complex class actions and coordinated proceedings in the Northern District and nationwide, and have achieved subject matter expertise in consumer protection class actions, including claims over false and deceptive advertising and product claims, and have many notable results that demonstrate they will capably and efficiently manage the litigation on behalf of the Classes.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant's Labeling is Misleading

At the heart of the Actions are Defendant's BOOST-brand Glucose Control (the "Product(s)"), which Defendant has been marketing and selling by claiming that they are specifically "designed for people with diabetes" to "help manage blood sugar." Even the Product name itself, Glucose Control, reaffirms its claimed purpose – to control glucose. Plaintiffs allege that the Products do not "control glucose" or "help manage blood sugar," as further evidenced by Defendant's own clinical trial. Plaintiffs generally allege that they bought the Products because they believed that they were scientifically proven to keep their blood glucose levels in control, the opposite of what Nestle's own testing shows. Simply put, Plaintiffs' claims are based on the premise that the Products fail to perform as labeled, marketed, and advertised. Plaintiffs allege that Defendant's false and misleading labels

also make improper health claims and run afoul of regulatory laws and constitute consumer deception under California, New York, and New Jersey law. Accordingly, Plaintiffs have brought the Actions to obtain damages, restitution, and injunctive relief.

### B. The Horti and Owen Actions

On December 20, 2021, on behalf of Plaintiffs Horti, George, and Craig, Milberg Coleman filed a class action complaint in the Northern District of California. On May 16, 2022, on behalf of Plaintiff Owen, Kaplan Fox filed a class action complaint in the District of New Jersey. Defendant then moved to transfer the *Owen* Action to the Northern District of California and moved to dismiss the *Owen* Action shortly thereafter. Concurrently in the *Horti* Action, on November 7, 2022 this Court granted Defendant's motion to dismiss, holding that a reasonable consumer could not find that the Products were a health supplement or drug that would help control glucose as advertised on the label. On March 6, 2023 Judge Zahid N. Quraishi granted Defendant's motion to transfer the *Owen* Action to the Northern District of California but did not rule on the motion to dismiss, which is still pending. The Court then related the Actions pursuant to Local Rule 3-12. Meanwhile, the *Horti* Action was pending before the Ninth Circuit. On December 13, 2023 the Ninth Circuit issued its opinion in the *Horti* Action reversing the Court's dismissal of that case and remanding it to this Court.

## III. ARGUMENT

### A. The Court Should Consolidate the Actions Because They Involve Common Questions of Law and Fact

Where cases before the same court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The court has "broad discretion to consolidate cases under Rule 42, either by motions submitted by the parties or *sua sponte*." *Solannex, Inc. v. Misaole, Inc.*, Case Nos. CV 11-00171 PSG, CV 12-00832 PSG, 2013 WL 430984, at *2 (N.D. Cal. Feb. 1, 2013). "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, Case No. C 10-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011). Consolidating the Actions is appropriate because the

actions both arise out of Defendant's false and misleading advertising and labeling of the Products, and all of the related actions assert nearly identical legal claims, including certain related state consumer protection claims. Moreover, Defendant does not oppose consolidation. The Court should, therefore, consolidate the cases. *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, Case Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089, at *2 (N.D. Cal. Dec. 7, 2012) (finding consolidation appropriate because the cases involved common questions of law and fact and no party opposed consolidation, and because consolidation would "speed trial and conserve the parties' resources, as well as the Court's").

**B. The Court Should Appoint Milberg Coleman and Kaplan Fox as Interim Co-Lead Class Counsel**

Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Interim class counsel's role is identical to the role of class counsel in a certified class action: to "fairly and adequately represent the interests of the class." *Id.* The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." David F. Herr, Ann. Manual Complex Lit. § 10.221 (4th ed.) (May 2019) ("*Manual*").

The criteria the court should consider in appointing Interim Co-Lead Counsel include:

i. the work counsel has done in identifying or investigating potential claims in the action;

ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii. counsel's knowledge of the applicable law; and

iv. the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1); *see also Flores v. Velocity Exp., Inc.*, Case No. 12-cv-05790-JST, 2013 WL 2468362, at *10 (N.D. Cal. June 7, 2013) (analyzing factors above and stating that "Rule 23(g)(1)(A), which applies to the appointment of class counsel, is also instructive in evaluating interim class

counsel."). The Actions involve consumer protection and false advertising claims—areas of which the proposed Co-Lead Counsel have significant expertise and notable results in class actions and coordinated proceedings. *See* Joint Decl., ¶¶ 4-12. Given their work on this matter to date and their collective experience on other matters outlined below, Milberg Coleman and Kaplan Fox easily meet the Rule 23(g) criteria.

**Milberg Coleman.** Since its founding in 1965, Milberg has been a leader in landmark cases that set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements on behalf of consumers.[1] Milberg has been instrumental in obtaining precedent-setting decisions at every level, including the Supreme Court of the United States.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending victims' rights and prosecuting corporate wrongdoing. Milberg employs over one hundred attorneys and has offices across the U.S. and the European Union. A firm biography highlighting these and other significant results is attached as Exhibit A to the Joint Declaration. Joint Decl., ¶ 5.

Milberg's team in this matter will be led by Nick Suciu, Trenton Kashima, and J. Hunter Bryson. Currently, Mr. Suciu is lead counsel in ***In RE: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*** (**1:23-cv-00669**) (N.D. Illinois). Joint Decl., ¶ 6. For the past 10 years, Mr. Suciu's legal practice has focused on consumer product class actions and, more specifically, violations of the United States Food, Drug, and Cosmetic Act ("FDCA") and parallel state statutes. *Id.* As lead counsel, Mr. Suciu has helped form the landscape regarding preemption and standing in cases involving violations of the FDCA and parallel state statutes that have been influential in food mislabeling law. *Id.; see also, e.g.*, *Ulrich v. Probalance, Inc.*, Case No. 1:16-cv-10488-JLA (N.D. Ill.); *Porter, et al. v. NBTY, Inc., et al.*, Case No. 1:15-cv-11459-MSS (N.D. Ill.); *Muir v. Nature's Bounty, Inc.*, Case No. 1:15-cv-09835-RRP (N.D. Ill.); *Gubala v. CVS Pharmacy,*

[1] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, Case No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

*Inc*., Case No. 1:14-cv-09039-TMD (N.D. Ill.); *Gubala, et al. v. HBS International Corp.*, Case No. 1:14-cv-09299-SLE (N.D. Ill.); *Dabish v. Brand New Energy, LLC*, Case No. 3:16-cv-00400-CB (S.D. Ca.); *Clay, et al. v. Cytosport, Inc.,* Case No. 3:15-cv-00165-L-AGS (S.D. Ca.). Mr. Suciu has been involved in settling a number of high-profile cases that have resulted in significant benefits to class members. Joint Decl., ¶ 6; *see also Clay et al. v. Cytosport, Inc.*, Case No. 3:15-cv-00165-L-AGS (S.D.C.A); *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y); *Carter, et al. v. General Nutrition Centers, Inc., et al*., Case No. 2:16-cv-00633 (W.D.P.A).

Trenton Kashima brings over eight years of experience in complex litigation matters involving consumer protection and mislabeled food litigation. Joint Decl., ¶ 7. Mr. Kashima teaches part-time at the University of San Diego School of Law. *Id.* Mr. Kashima has been Class Counsel in a number of high-profile matters in California that involved extensive legal skill to drive the defendant to settlement. *Id.*; *see also Krinsk, et al. v. Monster Beverage Corp.*, Case No. 37-2014-00020192 (Cal. Sup. 2014) (Named Class Counsel and negotiated a class settlement on the eve of trial a food labeling case involving the mislabeling of "natural" beverages); *Hahn, et al. v. Massage Envy*, Case No. 3:12-cv-00153 (Cal. SD 2012) (a consumer class action involving the illegal forfeiture of prepaid massages that recovered 32 million dollars in relief for the Class); *Clay, et al. v. Cytosport, Inc.*, Case No. 15-cv-00165 (Cal. SD 2015) (a class action concerning the mislabeling of protein supplements).

Mr. Bryson has only worked in the field of product defects in class actions during his legal career. Joint Decl., ¶ 8. He has been named Class Counsel in 17 actions in North Carolina state courts and 4 matters in federal district courts. *Id.* The cases Mr. Bryson was named Class Counsel involved defective women's menstrual underwear and allegedly defective petfood. *Id.*; *see also Nicole Dickens, et al. v. Thinx Inc.*, Case No. 1:22-cv-04286-JMF (SDNY); *Shaw et al v. Costco Wholesale Corporation et al*, Case No. 2:20-cv-01620-RAJ (W.D.WA); *Hill v. Canidae Corp.,* Case No. EDCV201374JGBSPX, (C.D. Cal. Sept. 28, 2021); *Gifford et. al v. Pets Global Inc.*, Case No. 2:21-cv-02136-CJC-MRW, (C.D. Cal.). His cases have recovered over $168,000,00 for aggrieved individuals. Joint Decl., ¶ 7.

**Kaplan Fox.** Founded in 1954, Kaplan Fox is one of the most established plaintiffs' litigation practices in the country, and the firm's early commitment to high-stakes litigation continues to define the firm to the present day. The National Law Journal has named Kaplan Fox on its list of the nation's top 10 "hot" litigation boutiques, a list that included both plaintiff and defense firms. More than half of the firm's partners have been rated "Super Lawyers." Two of the firm's partners (Gregory Arenson and Robert Kaplan) were named among the 75 best plaintiffs' lawyers in the country based on expertise and influence. Today, Kaplan Fox has 28 lawyers in four litigation practice areas (antitrust, securities, consumer protection and cybersecurity/data privacy) and a private client services group. To date, the firm has recovered more than $5 billion for its clients and classes, including matters such as *In re Bank of America Corp. Sec. Deriv., and ERISA Litig.*, Case No. 1:09-md-020508-PKC (S.D.N.Y.), in which as one of three co-lead counsel, Kaplan Fox recovered $2.425 billion for investors just weeks before trial—one of the largest recoveries in the history of securities class actions; and *In re Air Cargo Shipping Servs., Antitrust Litig.*, Case No. 06-md-1775 (JG) (VVP) (E.D.N.Y.), in which as one of four co-lead counsel representing direct purchasers alleging violations of antitrust laws, Kaplan Fox recovered more than $1 billion in settlements. A firm biography highlighting these and other significant results is attached as Exhibit B to the Joint Declaration. Joint Decl., ¶ 9.

Kaplan Fox's team in this matter will be led by Laurence D. King and Matthew B. George, both of whom are based in the Bay Area at the firm's Oakland office. Mr. King is currently appointed by Judge Edward Davila in the Northern District of California as co-lead counsel to manage the massive MDL concerning claims Apple deceived consumers by throttling processor speeds of Apple devices like iPhones and iPads in *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD. In his order appointing Kaplan Fox, Judge Davila found "that these individuals and their firms have extensive knowledge of and experience in prosecuting complex litigation and class actions" and noted that plaintiffs' leadership "demonstrated an ability to cooperate with a range of different interests that span across law firms, practice groups, geography, and gender and introduce[d] smaller firms into the litigation experience." *Id.*, ECF No. 99 (May 15, 2018). As part of that litigation, Mr. King managed over a dozen steering committee firms and successfully obtained a

settlement of $310 million in cash refunds that obtained final approval. *Id.*, ECF No. 415. Mr. King has also been appointed by Courts in this District and Circuit, and nationwide, to oversee class actions spanning securities fraud, consumer protection, and Silicon Valley technology. Joint Decl., ¶ 10. *See, e.g.*, *Schueneman v. Arena Pharmaceuticals, Inc.*, Case No. 3:10-cv-01959-CAB-BLM (S.D. Cal.) (settled for $24 million); *In re Violin Memory Sec. Litig.*, Case No. 13-CV-05486-YGR (N.D. Cal.) (settled for $7.5 million); *In re Yahoo Email Litigation*, Case No. 5:13-cv-4980-LHK (N.D. Cal.) (obtained injunctive relief prohibiting Yahoo! From scanning consumers' emails in violation of wiretap laws). Joint Decl., ¶ 10.

Mr. George has been representing consumers, employees, and investors in complex class actions and multi-district litigation in the Northern District and nationwide for nearly 15 years. He played a key role in *In re: Apple Inc. Device Performance Litigation*, coordinating and defending named plaintiffs' depositions throughout the United States and managing the third-party discovery committee that subpoenaed and negotiated document productions from major retail and technology firms. Joint Decl., ¶ 11. He also assisted co-lead counsel in the high profile *In re: Arizona Theranos Incorporated Litigation*, Case No. 2:16-cv-02138-HRH, taking and defending eight key depositions in a certified class action on claims that Theranos and Walgreens manipulated blood testing protocols and committed fraud. *Id.*, ECF No. 372 (D. Az. Mar. 5, 2020); Joint Decl., ¶ 11. The Kaplan Fox litigation team for this case will also include Joel Strauss, a partner in the firm with significant experience in consumer and complex class actions and New York and New Jersey law, and Blair Reed, an associate who also has significant experience in consumer class actions. Joint Decl., ¶ 12.

### 1. Milberg Coleman and Kaplan Fox Will Zealously Represent the Classes

Based on their experience in other similarly sized class and mass actions, Co-Lead Counsel understand and are ready to commit the substantial resources, including personnel, time, facilities, and funding, needed to litigate these cases from start to finish. Milberg Coleman and Kaplan Fox, as stated above, have decades of experience between them and specifically have vast knowledge of consumer protection statutes and related claims. Moreover, Milberg Coleman and Kaplan Fox frequently work on cases that involve the management and coordination of many law firms and

lawyers, and both firms are highly experienced in those collaborative tasks. Joint Decl., ¶ 14. In short, Co-Lead Counsel have substantial experience in prosecuting and securing significant recoveries on behalf of the respective classes.

**IV. CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court consolidate the related actions, and that the Court appoint Milberg Coleman and Kaplan Fox as Co-Lead Counsel to further promote the prosecution and coordination of this litigation.

Respectfully submitted,

DATED: February 9, 2024

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Laurence D. King*
Laurence D. King

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: *lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss (*pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
Email: *jstrauss@kaplanfox.com*

*Attorneys for Plaintiff Owen and Proposed Co-Lead Counsel*

**KUZYK LAW, LLP**
Michael D. Braun
1999 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067
Tel. 213-401-4100

DATED: February 9, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

By: /s/ *Trenton R. Kashima*
Trenton R. Kashima

Trenton R. Kashima (SBN 291405)
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberg.com

Nick Suciu III (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Facsimile: (865) 522-0049
Email: nsuciu@milberg.com

Daniel K. Bryson*
J. Hunter Bryson (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, NC, 27603
Telephone: (919) 600-5000
Facsimile: (919)600-5035
Email: dbryson@milberg.com
Email: hbryson@milberg.com

Andrei Rado (*pro hac vice*)
**MILBERG COLEMAN BRYSON**

Email: mdb@kuzykclassactions.com

**THE ROTHENBERG LAW FIRM LLP**
Ross B. Rothenberg
450 7th Avenue, 44th Floor
New York, NY 10123
Tel. 212-563-0100
Email: ross@injurylawyer.com

*Attorneys for Plaintiff Steven Owen*

**PHILLIPS GROSSMAN PLLC**
405 E. 50th Street
New York, NY 10023
Telephone: (212) 594-5300
Facsimile: (865) 522-0049
Email: arado@milberg.com

*Attorneys for Plaintiffs Horti, George, Craig, and Proposed Co-Lead Counsel*

**pro hac vice forthcoming*

***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Trenton R. Kashima, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February 2024 at San Diego, California.

*/s/Trenton R. Kashima*
Trenton R. Kashima