1 | Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON**
2 | **PHILLIPS GROSSMAN, PLLC**
401 West Broadway, Suite 1760
3 | San Diego, CA 91942
Telephone: (212) 946-9389
4 | Email: tkashima@milberg.com

5 | Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
6 | 1999 Harrison Street, Suite 1560
Oakland, CA 94612
7 | Telephone: 415-772-4700
Facsimile: 415-772-4707
8 | Email: lking@kaplanfox.com

9 | *(Additional Counsel listed on signature page.)*

10 | *Co-Lead Interim Class Counsel for Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| In re: Nestle Boost Nutritional Drink Litigation | Case No. 3:21-cv-09812-JSC |
|---|---|
| | **PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO EXTEND BRIEFING SCHEDULE OR IN THE ALTERNATIVE MOTION PURSUANT TO LOCAL RULE 6-3 FOR ENLARGEMENT OF TIME** |

1    Pursuant to Civil Local Rule 7-11, Plaintiffs Bruce Horti, Sandra George, and Steven Owen ("Plaintiffs") submit this administrative motion pursuant to Civil Local Rule 7-11(a) to consider whether the briefing schedule for Defendant Nestle Healthcare Nutrition, Inc.'s ("Defendant") Motion for Summary Judgement as to the Named Plaintiffs (ECF No. 83) should be coordinated with the previously ordered briefing schedule for Plaintiffs' Motion for Class Certification (ECF No. 77). Alternatively, pursuant to Local Rule 6-3, Plaintiffs request that the Court extend the current briefing schedule for Defendant's Motion for Summary Judgement as to the Named Plaintiffs (ECF No. 83). Pursuant to Local Rules 7-11 and 6-3, this motion is accompanied by the Declaration of Laurence D. King ("King Decl.").

On February 7, 2025, Defendant moved for summary judgement as to the named Plaintiffs and noticed the hearing for March 27, 2025. ECF No. 83. Prior to filing, Defendant did not inform Plaintiffs or the Court that it would file a motion for summary judgment *prior to class certification* despite numerous opportunities to do so. *See* ECF Nos. 75 (December 3, 2024 Administrative Motion to Extend Class Certification Schedule) and 81 (January 16, 2025 Joint Further Case Management Statement). While Defendant may have the right to move for summary judgment, it would be far more efficient for the parties and the Court for the remaining briefing to be coordinated with the already-scheduled briefing and hearing on Plaintiffs' Motion for Class Certification. Plaintiffs' counsel met and conferred and corresponded with counsel for Defendant on February 11, 2025. King. Decl. ¶2. Defense counsel would not agree to concurrent briefing schedules and a single hearing for class certification and summary judgment, stating that it would be beneficial and expeditious for the Court to resolve the summary judgment issues prior to class certification. *Id*. Defendant did offer a modest extension to the briefing schedule on its summary judgment motion as an alternative. *Id* at ¶3.

Under the Local Rules, Plaintiffs' opposition to the Motion is currently due February 21, 2025, and Defendant's reply is due February 28, 2025. ECF No. 83. However, Plaintiffs' motion for class certification is due March 10, 2025, prior to the hearing on Defendant's motion for summary judgment noticed for March 27, 2025. ECF No. 77. In this case, and under the current briefing schedule, it would be inefficient for the Court to entertain staggered briefing and hold two

- 1 -                                    Case No. 21-cv-09812-JSC
PLAINTIFFS' ADMINISTRATIVE MOTION AND MOTION FOR ENLARGEMENT OF TIME

separate hearings on the related motions, both of which bear on the named Plaintiffs' adequacy and typicality. King. Decl. ¶4.

Alternatively, counsel for Defendant offered Plaintiffs' an extension of two weeks for their opposition to Defendant's motion for summary judgment. *Id*. ¶3. Counsel for Defendant would not agree to move the noticed hearing date, but agreed for Plaintiffs' opposition to be due March 4, 2025 with the reply to be due March 13, 2025. *Id*. While the courtesy is appreciated, it does not resolve the inefficiency of briefing these related motions on separate schedules and having two separate hearings. *Id*.

Furthermore, if Defendant wished to truly resolve the issue of summary judgment as to named Plaintiffs in an expeditious and resource-effective way, it could have done so much sooner as depositions of named Plaintiffs concluded in October, 2024. *Id*. at ¶5. Finally, and at a minimum, Defendant should have informed Plaintiffs of its intentions with regard to summary judgment including the timing when the parties were negotiating an extension to the schedule for class certification – which Defendant vigorously opposed. *Id*. Defendant was obviously aware of its intentions at the time of those negotiations; it should have raised the issue then.

Therefore, in the interest of judicial economy, Plaintiffs request that the Court set the briefing schedule for Defendant's Motion for Summary Judgment as to the Named Plaintiffs (ECF No. 83) concurrently with the previously ordered briefing schedule for Plaintiffs' Motion for Class Certification (ECF No. 77) as follows:

| Class Certification | Summary Judgement | Date |
|---|---|---|
| Opposition to Motion for Class Certification | Opposition to Motion for Summary Judgement | April 21, 2025 |
| Reply in Support of Class Certification | Reply in Support of Summary Judgement | May 12, 2025 |
| Hearing on Motion for Class Certification | Hearing on Motion for Summary Judgement | June 5, 2025 at 10 a.m. |

Currently, the only deadlines in the case are those that the Court already set for class

certification, and now those for Defendant's motion for summary judgment prescribed by the Local Rules. King. Decl. ¶7. Plaintiffs' request for a concurrent briefing schedule will not change any other deadlines and will only serve to streamline the briefing schedules. *Id*.

Alternatively, if the Court does not grant Plaintiffs' motion for a concurrent briefing schedule, Plaintiffs request that the Court at a minimum grant the extension Defendant has already agreed to as follows:

| Deadline for | Current Date | Proposed Date |
|---|---|---|
| Opposition to Motion for Summary Judgement | February 21, 2025 | March 4, 2025 |
| Reply in Support of Summary Judgement | February 28, 2025 | March 13, 2025 |
| Hearing on Motion for Summary Judgement | March 27, 2025 at 10 a.m. | March 27, 2025 at 10 a.m. |

This proposed extension does not change any deadlines in the case. King. Decl. ¶7.

Accordingly, Plaintiffs respectfully request that the Court coordinate the summary judgment and class certification briefing, and hold a single hearing on both motions, because it would be the most efficient path for the parties and the Court. Certainly it would be more efficient than the *seriatim* motion practice favored by Defendant. If the Court is not inclined to do so, Plaintiffs respectfully request that the Court grant the shorter extension to the summary judgment briefing schedule which Defendant has agreed to.

Respectfully submitted,

DATED: February 13, 2025

By: /s/ *Trenton R. Kashima*
Trenton R. Kashima

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92102
Telephone: (619) 810-7047

|    |    |    |
|----|----|----|
| 1  |    | Email: *tkashima@milberg.com* |
| 2  |    | Nick Suciu III (*pro hac vice*)<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** |
| 3  |    | 6905 Telegraph Rd., Suite 115<br>Bloomfield Hills, MI 48301 |
| 4  |    | Telephone.: (313) 303-3472<br>Facsimile: (865) 522-0049 |
| 5  |    | Email: *nsuciu@milberg.com* |
| 6  |    | J. Hunter Bryson (*pro hac vice*)<br>**MILBERG COLEMAN BRYSON** |
| 7  |    | **PHILLIPS GROSSMAN PLLC**<br>405 E. 50th Street |
| 8  |    | New York, NY 1002<br>Telephone: (919) 539-2708 |
| 9  |    | Facsimile: (919) 600-5035<br>Email: *hbryson@milberg.com* |
| 10 |    |    |
| 11 | DATED: February 13, 2025 | By: /s/ *Laurence D. King*<br>         Laurence D. King |
| 12 |    | Laurence D. King (SBN 206423) |
| 13 |    | Matthew B. George (SBN 239322)<br>Blair E. Reed (SBN 316791) |
| 14 |    | Clarissa Olivares (SBN 343455)<br>**KAPLAN FOX & KILSHEIMER LLP** |
| 15 |    | 1999 Harrison Street, Suite 1560<br>Oakland, CA 94612 |
| 16 |    | Telephone: 415-772-4700<br>Facsimile: 415-772-4707 |
| 17 |    | Email: *lking@kaplanfox.com*<br>         *mgeorge@kaplanfox.com* |
| 18 |    |         *breed@kaplanfox.com*<br>         *colivares@kaplanfox.com* |
| 19 |    | Joel B. Strauss (*pro hac vice*) |
| 20 |    | **KAPLAN FOX & KILSHEIMER LLP**<br>800 Third Avenue, 38th Floor |
| 21 |    | New York, NY 10022<br>Telephone: 212-687-1980 |
| 22 |    | Facsimile: 212-687-7714<br>Email: *jstrauss@kaplanfox.com* |
| 23 |    | Michael D. Braun |
| 24 |    | **KUZYK LAW, LLP**<br>1999 Avenue of the Stars, Ste. 1100 |
| 25 |    | Los Angeles, CA 90067<br>Telephone: 213-401-4100 |
| 26 |    | Email: *mdb@kuzykclassactions.com* |
| 27 |    | Ross B. Rothenberg (*pro hac vice*)<br>**THE ROTHENBERG LAW FIRM LLP** |
| 28 |    | 450 7th Avenue, 44th Floor |

|   |   |
|---|---|
| 1 | New York, NY 10123 |
| 2 | Telephone: 212-563-0100 |
|   | Email: *ross@injurylawyer.com* |
| 3 | *Co-Lead Interim Counsel for Plaintiffs and the Proposed Class* |

PLAINTIFFS' ADMINISTRATIVE MOTION AND MOTION FOR ENLARGEMENT OF TIME

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of February, 2025, at Oakland, California.

By: /s/ *Laurence D. King*
     Laurence D. King