Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
Email: *tkashima@milberg.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel: (415) 772-4700
Email: *lking@kaplanfox.com*

*Co-Lead Interim Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: Nestle Boost Nutritional Drink Litigation | Case No. 3:21-cv-09812-JSC<br><br>CLASS ACTION<br><br>**DECLARATION OF LAURENCE D. KING IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO EXTEND BRIEFING SCHEDULE OR IN THE ALTERNATIVE MOTION PURSUANT TO LOCAL RULE 6-3 FOR ENLARGEMENT OF TIME** |

I, Laurence D. King, declare as follows:

1. I am a partner at Kaplan Fox & Kilsheimer LLP, counsel for Plaintiffs. I submit this Declaration in Support of Plaintiffs' Administrative Motion Pursuant to Local Rule 7-11 to Extend Briefing Schedule, or in the alternative, Motion Pursuant to Local Rule 6-3 for Enlargement of Time. I have personal knowledge of the facts stated in this Declaration and, if called a witness, I could and would testify competently to them.

2. Plaintiffs have met and conferred and corresponded with Defendant Nestle Healthcare Nutrition, Inc. ("Defendant") regarding this matter. Plaintiffs' counsel met and conferred and corresponded with counsel for Defendant on February 11, 2025. Defense counsel would not agree to concurrent briefing schedules and a single hearing for class certification and summary judgment, stating that it would be beneficial and expeditious for the Court to resolve the summary judgment issues prior to class certification.

3. Defendant did offer a modest extension to the briefing schedule on its summary judgment motion as an alternative. Counsel for Defendant offered Plaintiffs' an extension of two weeks for their opposition to Defendant's motion for summary judgment. Counsel for Defendant would not agree to move the noticed hearing date, but agreed for Plaintiffs' opposition to be due March 4, 2025 with the reply to be due March 13, 2025. While the courtesy is appreciated, it does not resolve the inefficiency of briefing these related motions on separate schedules and having two separate hearings.

4. In this case, and under the current briefing schedule, it would be inefficient for the Court to entertain staggered briefing and hold two separate hearings on the related motions, both of which bear on the named Plaintiffs' adequacy and typicality.

5. If Defendant wished to truly resolve the issue of summary judgment as to named Plaintiffs in an expeditious and resource-effective way, it could have done so much sooner as depositions of named Plaintiffs concluded in October, 2024. At a minimum, Defendant should have informed Plaintiffs of its intentions with regard to summary judgment including the timing when the parties were negotiating an extension to the schedule for class certification – which Defendant vigorously opposed.

6. There have been very few modifications to the schedule in this case. On February 7, 2022, the Court granted the Stipulation and Order Granting Plaintiffs Leave to File a Seconded Amended

- 1 -     Case No. 21-cv-09812-JSC
DECL. OF LAURENCE D. KING IN SUPPORT OF PLAINTIFFS' MOTION

Class Action Complaint, which set a briefing schedule for the motion to dismiss. ECF No. 10. Then, on September 27, 2024, the Court granted the Parties' request to postpone the Case Management Conference to give the parties the opportunity to mediate. ECF No. 74. Most recently, on December 4, 2024 the Court granted Plaintiffs' Administrative Motion to Extend Class Certification Schedule. ECF No. 77.

7. Currently, the only deadlines in the case are those that the Court already set for class certification, and now those for Defendant's motion for summary judgment prescribed by the Local Rules. Plaintiffs' request for a concurrent briefing schedule will not change any other deadlines and will only serve to streamline the briefing schedules. If, alternatively, the Court grants the modest extension instead, no other deadlines will be affected.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 13th day of February, 2025 at Oakland, California.

/s/ *Laurence D. King*
Laurence D. King